FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2016 MAR 14 AM 11: 07

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

GREGORY WESSELHOFF, on behalf of himself and others similarly situated,

Plaintiff,

v.

GROVE PLUMBING, INC., and CYRUS KHONSARY

Defendant.

Civil Action No.: 5:16-cv-131-Oc-30PRL

**COMPLAINT**

COMES NOW the Plaintiff, GREGORY WESSELHOFF ("PLAINTIFF"), and files this Complaint against Defendants, GROVE PLUMBING, INC., ("GROVE") and CYRUS KHONSARY, ("KHONSARY") (collectively "DEFENDANTS") respectfully stating unto the Court the following:

**GENERAL ALLEGATIONS**

1. This is a cause of action to recover compensatory and liquidated damages, attorney fees, and other relief from DEFENDANTS for violations of the Fair Labor Standards Act ("FLSA") and the retaliation provisions thereunder.

2. At all material times, PLAINTIFF was a citizen and resident of Marion County, Florida.

3. At all material times, DEFENDANT GROVE PLUMBING, INC. was a Florida corporation, with its principal place of business in Ocala, Florida.

4. At all material times, DEFENDANT KHONSARY made payroll decisions on behalf of GROVE and is an employer within the meaning of the FLSA.

5. Venue is appropriate in this division because Plaintiff performed work on behalf of DEFENDANTS in Marion County, and DEFENDANTS reside in Marion County.

**BACKGROUND**

6. PLAINTIFF brings this action to require DEFENDANTS to pay back wages owed to PLAINTIFF, which DEFENDANTS failed to pay in violation of the *Fair Labor* Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. PLAINTIFF seeks damages suffered as the result of that violation.

7. At all relevant times, DEFENDANTS acted through their officers, agents, servants and employees.

8. Upon information and belief, at all relevant times, DEFENDANT GROVE had annual gross sales in excess of $500,000.00 and two or more employees who regularly handled goods that moved in or were produced for interstate commerce.

9. Upon information and belief, at all relevant times, DEFENDANT GROVE was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

10. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

11. PLAINTIFF worked for DEFENDANTS as a plumber's assistant who was paid an hourly rate between $10 per hour and $11 per hour.

12. This action is limited to the three years prior to the filing of this action although PLAINTIFF worked for DEFENDANTS from 2011 until October 2015.

13. Plaintiff was at all relevant times a non-exempt employee of DEFENDANTS. When PLAINTIFF would work more than 40 hours per week, DEFENDANTS would only pay him for 40 hours and would move his hours worked over 40 to the following pay week.

14. The class of similarly situated employees are those individuals who, like PLAINTIFF, were not paid for any hours above 40 in a pay week, despite being hourly, non-exempt employees who should have been paid overtime.

15. The FLSA requires an employer to pay its non-exempt employees at a rate of one and one-half times their hourly rate for each hour over the 40th hour in a workweek.

16. Upon information and belief, DEFENDANTS failed to pay PLAINTIFF and those similarly situated time and one-half when they worked more than 40 hours per week.

17. The above-described violations were intentional, and done willingly and knowingly by DEFENDANTS.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. DEFENDANTS regularly engage in commerce and their employees, including PLAINTIFF, and those similarly situated handled and used materials, which have moved in interstate commerce.

20. At all relevant times, DEFENDANTS were employers within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* and are subject to the provisions of the Act.

21. PLAINTIFF at all relevant times was a non-exempt employee of DEFENDANTS, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*

22. During PLAINTIFF'S employment with DEFENDANTS, PLAINTIFF performed overtime work for he received only straight time pay from DEFENDANTS in violation of the overtime provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.

§§ 201, *et seq.*

23. Upon information and belief, DEFENDANTS' pay system was unilaterally imposed upon PLAINTIFF and those similarly situated.

24. DEFENDANTS' failure to properly administer a scheme of compensation, including, but not limited to, actual time, overtime and/or comp time compensation violates the provisions of the FLSA and the regulations thereunder.

25. DEFENDANTS' failure to compensate PLAINTIFF and those similarly situated at a rate of time and one-half when they worked more than 40 hours in a workweek was a willful and knowing violation of the FLSA.

26. As a result of DEFENDANTS' willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delays in receipt of wages owed and damages.

27. DEFENDANTS' failure to properly administer a compensation scheme for payment of minimum wage was a willful and knowing violation of the FLSA.

28. Pursuant to 29 U.S.C. §§207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated unpaid overtime and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs.

29. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that he will recover unpaid wages, liquidated damages, pre- and post-judgment interest, attorney fees, nominal damages, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

**COUNT II**
**FLSA-RETALIATION**

30. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

31. In or around December 2014, PLAINTIFF complained to DEFENDANT KHONSARY about DEFENDANTS' practice of not paying overtime.

32. This complaint was made because of PLAINTIFF'S good faith belief that his rights under the FLSA were being violated.

33. In retaliation for PLAINTIFF making that Complaint, DEFENDANTS cut PLAINTIFF'S hours so that he rarely worked more than 20 hours in a week.

34. Ultimately, DEFENDANTS terminated PLAINTIFF in response for his complaining about his hours, claiming that PLAINTIFF was being fired due to speaking poorly of DEFENDANT GROVE in the vicinity of customers.

35. Upon information and belief, DEFENDANTS' proffered reason for termination was pretext for unlawful retaliation in violation of the FLSA.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS and respectfully prays the Court that he will recover back pay, pre- and post-judgment interest, attorney fees, and damages for emotional distress, embarrassment, front pay if appropriate, reinstatement, and other relief by reason of DEFENDANTS retaliating against him in violation of the anti-retaliation

provisions of the FLSA, nominal damages, for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated: March 10, 2016

Respectfully submitted,

**THE LAW OFFICE OF**
**MATTHEW BIRK, LLC**

/s/ Matthew W. Birk
**Matthew W. Birk**
Florida Bar No.: 92265
309 Northeast First Street
Gainesville, FL 32601
(352) 244-2069
(352) 372-3464 FAX
ATTORNEYS FOR PLAINTIFF