# SETTLEMENT AGREEMENT

1. This Agreement was made on this 6th day of July, 2016, between and among Plaintiff **Gregory Wesselhoff** (hereinafter referred to as "Plaintiff" a term which includes Plaintiff's successors, beneficiaries, personal representatives, assignees, and heirs) and **Grove Plumbing Inc. and Cyrus Khonsary** (hereinafter referred to as "Defendants" a term which includes each and every officer, director, employee, manager, supervisor, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, members, servants, heirs in their individual and official capacities, and their heirs and legal representatives, insurance carriers and insurers).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

A. To settle and release any and all claims and actions of any nature whatsoever which Plaintiff has against Defendants related to Plaintiff's claims for unpaid wages and retaliation (Case No. 5:16-CV-131-OC-30PRL, Middle District of Florida) which arose or may have arisen prior to the date of execution of this agreement.

B. To agree and acknowledge that this settlement represents the resolution of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

C. That the below-referenced amounts paid by Defendants represent a sum to which Plaintiff would not be entitled absent this Agreement.

D. Not to disclose the existence of this claim or contents of this Agreement to anyone except the attorney representing Plaintiff in this matter, Plaintiff's tax advisors (who, in turn, shall also agree not to disclose this Agreement to any third parties) as compelled by force of law, or as required during any unemployment compensation proceedings. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agree that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.

E. Plaintiff agrees to hold Defendants harmless for the payment of any income taxes assessed or owed with respect to the monies paid in Paragraph 3.

EXHIBIT A

3. For and in consideration of the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agrees to pay the following:

a. To **Gregory Wesselhoff** the amount of **$575.00**, less applicable withholdings. for unpaid wages which a W2 shall be issued. This payment shall be received by Plaintiff's counsel: and

b. To **Gregory Wesselhoff** in the amount of **$575.00**, without withholdings, for liquidated damages which a 1099 shall be issued. This payment shall be received by Plaintiff's counsel; and

c. To **The Law Office of Matthew Birk, LLC** in the amount of **$2,500.00** representing in litigation costs and as payment of Plaintiff's counsel attorneys' fees and costs. This payment shall be received by Plaintiff's counsel Tax ID 46-3995425 for attorney's fees and costs for which a 1099 shall be issued.

***Plaintiff is specifically aware of, and agree with, the amount of attorneys' fees and costs to be paid to his counsel for representing his interests in this matter and Plaintiff further understand that his counsel significantly reduced the amount of attorneys' fees awardable in this case in an effort to effectuate the Parties' desire to settle this dispute.***

4. Defendants agree to pay, and Plaintiff and her attorney agree to accept, the total sum of $3,650.00, which shall be delivered to counsel for Plaintiff within 30 days after Defendants' counsel has received this Agreement fully executed from Plaintiff and/or after Court approval of this Agreement, whichever is the latest.

5. The Parties hereby affirm and agree that once all such payments specified in Paragraph 3 above have been received by the Plaintiff that the Plaintiff will have been compensated in full for his claims in (Case No. 5:16-CV-131-OC-30PRL, Middle District of Florida) and without compromise. The Parties further agree that the Plaintiff's counsel's fees were negotiated separately and so not as to affect the Plaintiff's recovery in this case.

6. All settlement payment should be received by Plaintiff's counsel during the specified time parameters in Paragraph 4 above at **c/o Matthew William Birk, Esq., The Law Office of Matthew Birk, LLC 309 NE 1st St Suite 1400, Gainesville, Florida 32601-5310**.

7. Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff. As a free and voluntary act, Gregory Wesselhoff agrees that he will make no written or oral statement(s) that directly or indirectly disparages the Defendants regarding: (a) the working conditions or employment practices of any of the Defendants; or (b) the Defendants themselves, their products and/or services. To the extent that Gregory Wesselhoff requires any employment reference or verification, Gregory Wesselhoff agrees to direct all inquiries

to Cyrus Khonsary, Owner, who will only provide Gregory Wesselhoff ' dates of employment, positions held, and final rate of compensation, if requested, when providing verification of his former employment with Defendants.

8. In the event that Plaintiff or Defendants commence an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action. However, nothing in this paragraph will operate to reduce the amounts recoverable pursuant to paragraph 3 above.

9. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

10. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants. This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be considered an original. All the counterparts together shall constitute one and the same instrument.

11. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

12. The law governing this Agreement shall be that of the United States and the State of Florida. The Parties further agree that in any dispute between them relating to this Agreement, exclusive venue shall be either in the United States District Court, Middle District of Florida, Ocala Division or the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, any objections as to jurisdiction or venue in such courts being expressly waived. The Parties further agree to waive any right to a trial by jury should any action be brought to enforce this Agreement.

DATE: 7-6-15

Signature:

GREGORY WESSELHOFF, on behalf of himself

DATE: 7/20/16

Signature: ______________________
GROVE PLUMBING, INC. a Florida For Profit Corporation

Title:

DATE: 7/20/16

Signature: ______________________
CYRUS KHONSARY, Individually